IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALAMEDA COUNTY MEDICAL CENTER, <br><br> *et al.* <br><br>          **Plaintiffs,** <br><br>     v. <br><br> THE HONORABLE MICHAEL O. LEAVITT, in his official capacity as Secretary, United States Department of Health and Human Services, <br><br> *et al.* <br><br>          **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 1:08-00422 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT
OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
<u>DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Local Rules 7.1(h) and 56.1, Plaintiffs, Alameda Medical Center, *et al.*, hereby respond to Defendants' Statement of Undisputed Material Facts in support of Defendants' Cross-Motion for Summary Judgment:

    1.    After reviewing and processing over 1,000 proposed Medicaid state plan amendments related to state payments to providers, the Secretary developed and published proposed regulations that established the actual cost of Medicaid services as the upper payment limit for government providers and clarified that "entities involved in the financing of the non-Federal share of Medicaid payments must be a unit of government." 72 Fed. Reg. 2236 (Jan. 18, 2007).

1

**RESPONSE: Undisputed.**

2. In response to the proposed rule, the Secretary received over 1,000 comments from physicians, state Medicaid programs, state and local government agencies, and other interested parties. 72 Fed. Reg. 29748, 29750 (May 29, 2007).

**RESPONSE: Undisputed.**

3. The Secretary reviewed and responded to the comments he received in response to the proposed rule and developed the final rule. 72 Fed. Reg. at 29748-29836.

**RESPONSE: Undisputed that the Secretary reviewed the comments received and developed the final rule. Disputed that the Secretary "responded" to any comments; rather, the Secretary ignored or disregarded the vast majority of comments and offered unpersuasive justifications for the Rule. A.R. 1-89, 72 Fed. Reg. 29748 (May 29, 2007).**

4. The Secretary has found that many states make payments to government providers that are in excess of the actual cost of providing health care services to Medicaid recipients. 72 Fed. Reg. 29748, 29774 (May 29, 2007); A.R. 2803.

**RESPONSE: Undisputed.**

5. The Secretary has found that government providers receiving Medicaid payments from states have either used the payments to subsidize health care (or other) operations unrelated to the Medicaid program, or have returned the payment, or a portion thereof, to the states. A.R. 3120-3121.

**RESPONSE: Undisputed that the Secretary has made this statement in the past; disputed that this statement is factually correct or that there is an ongoing**

problem with the use of Medicaid funds outside of the Medicaid program.  By way of explanation, the Secretary's statement is based on the assumption that making Medicaid payments above cost is an improper use of Medicaid funds.  Plaintiffs dispute that above-cost Medicaid payments are an improper use of Medicaid funds.

6. The Secretary has found that financing arrangements between states and government providers, pursuant to which government providers return Medicaid payments to states, "effectively divert Medicaid funds for non-Medicaid purposes, or overstate the computable expenditure that is being made" by the states. 72 Fed. Reg. at 29774.

**RESPONSE: Undisputed that the Secretary has made this statement in the past; disputed that this statement is factually correct or that there is an ongoing problem with the use of Medicaid funds outside of the Medicaid program.  By way of explanation, the Secretary's statement is based on the assumption that making Medicaid payments above cost is an improper use of Medicaid funds.  Plaintiffs dispute this assumption, as explained in the Response to Paragraph 5 above.**

7. Congress granted the Secretary the authority to ensure that states' Medicaid payments "are consistent with efficiency, economy, and quality of care." 42 U.S.C. § 1396a(a)(30)(A).

**RESPONSE: Objection, this is a legal conclusion, not an undisputed issue of fact.  Further answering, this is a mischaracterization of the Medicaid statute.  42 U.S.C. § 1396a(a)(30)(A) provides that "a State [Medicaid] plan must…provide such methods and procedures relating to the utilization of, and the payment for,**

3

**care and services available under the plan …as may be necessary to safeguard against unnecessary utilization of such care and services and to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available to the general population in the geographic area…."**

8. Among other things, the regulations clarified the scope of the entities permitted to finance the non-federal share of Medicaid reimbursements on behalf of states, established the actual cost of Medicaid services as a new upper payment limit for government providers, and required all providers (both private and government) to retain the full amount of Medicaid reimbursement. 72 Fed. Reg. at 29748, 29832-35.

**RESPONSE: Objection, this is a characterization of the Rule, which is a matter of law, not an undisputed issue of fact. The provisions of the Rule speak for themselves.**

9. On May 24, 2007, the Secretary submitted the rule to the Office of Federal Register for filing and publication. A.R. 355.

**RESPONSE: Undisputed, although the Secretary's submission requested "emergency display for this final rule on Friday, May 25th" and publication by "'emergency' scheduling to occur Tuesday, May 29th," and the appropriate cite to the Administrative Record is A.R. 365. At the time the Secretary submitted the Rule he knew or should have known that it was subject to a Moratorium passed by Congress that was about to be signed into law, as evidenced by the request for emergency submission "before passage of legislation that prohibits actions to**

4

**publicize this rule." A.R. 365.**

10. On May 25, 2007, the Office of the Federal Register displayed the rule.

**RESPONSE: Undisputed that the Rule was put on display on May 25, 2007. However, the Secretary is ultimately responsible for displaying the Rule, and as evidenced by publications issued by CMS, CMS is the entity responsible for putting the Rule on display on May 25, 2007. CMS Capitol Hill Notification,** *Final Rule on Costs Limits for Providers Operated by Units of Government and Other Provisions*, *available at* *http://www.cms.hhs.gov/HillNotifications/CHN/ItemDetail.asp?ItemID=CMS120002*; *Protecting the Medicaid Safety Net Act: Hearings on H.R. 5613 Before the House Energy and Commerce Committee Subcommittee on Health*, **110th Cong. (April 2, 2008) (testimony of Dennis Smith, Director, CMS) .**

11. On May 29, 2007, the Office of the Federal Register published the rule at 72 Fed. Reg. 29748.

**RESPONSE: Undisputed that the Rule was published in the Federal Register on May 29, 2007 at 72 Fed. Reg. 29748. However, the Secretary is ultimately responsible for publishing the Rule, and as evidenced by publications issued by CMS, CMS is the entity responsible for publishing the Rule on May 29, 2007, in violation of the Moratorium. 72 Fed. Reg. 55160 (Sept. 28, 2007).**

Dated: April 18, 2008

          Respectfully submitted,

WILLIAM C. CRENSHAW
D.C. Bar No. 968545
POWELL GOLDSTEIN LLP
901 New York Avenue, NW, Third Floor
Washington, DC 20001
(202) 347-0066

/s/ Nathan A. Brown
NATHAN A. BROWN
D.C. Bar No. 468750
ROPES & GRAY LLP
700 12th Street, NW, Suite 900
Washington, DC 20005
(202) 508-4600

Of Counsel:

LARRY S. GAGE
D.C. Bar No. 165332
BARBARA D.A. EYMAN
D.C. Bar No. 439684
CHARLES LUBAND
D.C. Bar No. 458319
ROPES & GRAY LLP
700 12th Street, NW, Suite 900
Washington, DC 20005
(202) 508-4600

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of April 2008, I caused a true and accurate copy of the foregoing to be filed electronically and therefore available for viewing and downloading from the Electronic Case Filing system. Electronic service of the Notice of Electronic Case Filing constitutes service of this document on the following:

Tamra T. Moore
Lead Counsel for Defendants
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C.  20530


/s/ Nathan A. Brown