IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALAMEDA COUNTY MEDICAL CENTER, <br><br> *et al*. <br><br>         Plaintiffs, <br><br> v. <br><br> MICHAEL O. LEAVITT, in his official capacity as Secretary, United States Department of Health and Human Services, <br><br> *et al*. <br><br>         Defendants. | Civil Action No. 1:08-00422 (JR) |

**PLAINTIFFS' EMERGENCY MOTION TO DEFER RULING
ON SUBSTANTIVE MEDICAID ISSUES UPON FINDING
MORATORIUM VIOLATION, TO RETAIN JURISDICTION,
AND TO SET A STATUS CONFERENCE IN SIXTY (60) DAYS**

Plaintiffs, Alameda County Medical Center, the National Association of Public Hospitals, the American Hospital Association and the Association of American Medical Colleges ("Plaintiffs"), for the reasons discussed below, respectfully move that in the event the Court finds a violation of the moratorium contained in the U.S. Troop Readiness, Veterans' Care, Katrina Recovery and Iraq Accountability Appropriations Act of 2007, Pub. L. No. 110-28, § 7002(a), 121 Stat. 112 (2007) (the "Moratorium"), the Court defer ruling on the substantive Medicaid law issues involved in this matter, retain jurisdiction, and set a status conference in sixty (60) days. Plaintiffs further request that the Court address this Motion on an emergency basis and enter an Order no later than May 23, 2008.

## STATEMENT OF POINTS AND AUTHORITIES

On March 11, 2008, Plaintiffs filed the Complaint in this action along with a Motion for Preliminary Injunction, seeking relief from a rule (the "Rule") published by Defendant, Centers for Medicare & Medicaid Services, on May 29, 2007 at 72 Fed. Reg. 29,748. On March 20, 2008, the Court entered an Agreed Scheduling Order pursuant to which the parties filed cross-motions for summary judgment, which were heard on May 7, 2008. In light of the fact that the existing Moratorium relating to the Rule expires on May 25, 2008, the Agreed Scheduling Order also provided that the Court would rule on the summary judgment motions on or before May 23, 2008.

Plaintiffs raised two basic objections to the Rule: (1) the Rule violates the Moratorium; and (2) the Rule violates substantive provisions of the Medicaid Statute.[1]

On May 7, 2008, the Court held a summary judgment hearing as scheduled. At the conclusion of the hearing the Court stated that it was inclined to rule that Defendant, the Secretary of Health and Human Services, violated the Moratorium and accordingly would vacate and remand the Rule. The Court also indicated that it was inclined to rule for Defendants on the merits of the substantive Medicaid issues.

During the hearing the Court inquired whether it should rule on the substantive Medicaid issues if the Court were to find in Plaintiffs' favor on the Moratorium issues. Plaintiffs' counsel responded at that point that Plaintiffs believed that it was in the

---

[1] Specifically, Plaintiffs claim that the cost limit provisions of the Rule are inconsistent with the Medicaid Statute, as it has been amended through the years, and the Medicare, Medicaid, and SCHIP Benefits Improvement and Protection Act of 2000, are an unreasonable construction of the statutes, and are arbitrary and capricious. Plaintiffs further claim that the unit of government provisions of the Rule are inconsistent with the Medicaid Statute, are an unreasonable construction of the Medicaid Statute, and are arbitrary and capricious.

Court's discretion whether to do so, and noted that Plaintiffs believed that it would assist the parties if the Court also were to rule on the merits because the parties could find themselves back before the Court should Defendants re-issue the Rule following expiration of the Moratorium.

Upon further analysis, Plaintiffs respectfully submit that, if the Court were to vacate the Rule on the grounds that the Secretary lacked the authority to issue it because of the Moratorium, the Court should not rule on the substantive statutory issues raised in this lawsuit. In particular, Plaintiffs believe that the Court would not have jurisdiction to rule on the Medicaid-related issues in such a circumstance. Plaintiffs are further concerned that the Court's rulings on these substantive Medicaid issues might not be reviewable.

Plaintiffs have raised substantial issues going to the core of the Medicaid program and the viability of safety net hospitals. Should the Court issue an Order invalidating the Rule as having been issued in violation of the Moratorium, a ruling on the underlying merits of the Rule would be advisory in nature, which raises Article III jurisdictional issues. "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions . . ..'" *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (quoting *United States v. Alaska S. S. Co.*, 253 U.S. 113, 116 (1920) (continuing ". . . or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it.")). "[O]ur impotence 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *North Carolina*, 404 U.S. at 246 (quoting *Liner v. Jafco, Inc.*, 375

U.S. 301, 306 n.3 (1964)). "A federal court is constitutionally forbidden to render advisory opinions or 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 90-91 (D.C. Cir. 1986) (quoting *North Carolina*, 404 U.S. at 246).

Further, because a party is entitled to appeal from only a "judgment" or "order," and not from a written "opinion," Plaintiffs may find themselves in the awkward position of having prevailed, but being faced with an adverse decision on the merits that could evade appellate review pursuant to 28 U.S.C. § 1291. *See Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884, 887-88 (7th Cir. 2007) ("An appellate tribunal cannot review the statements in a district judge's opinion; that would be an advisory opinion. Only the district court's 'final decision' is open to review."); *Better Gov't Ass'n*, 780 F.2d at 90-91 (courts should not issue advisory opinions).

A justiciable case must exist at all stages of appellate review, and there may not be a justiciable case in the event Defendants do not re-issue the Rule or re-issue it in a modified form. *See, e.g., U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21 (1994) ("[N]o statute could authorize a federal court to decide the merits of a legal question not posed in an Article III case or controversy. For that purpose, a case must exist at all the stages of appellate review."); *Anderson v. Green*, 513 U.S. 557, 559 (1995) ("'[R]ipeness is peculiarly a question of timing,' and 'it is the situation now rather than the situation at the time of the [decision under review] that must govern.'") (quoting *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974)). The Supreme Court and the D.C. Circuit have recognized that changes in circumstances at any stage of a proceeding may destroy justiciability by ending the harm or resolving the dispute. *See,*

*e.g.*, *U.S. Bancorp Mortgage Co.*, 513 U.S. 18 (addressing mootness while awaiting review, specifically due to a settlement agreement); *Anderson*, 513 U.S. 557 (dismissing as unripe an appeal of a challenge to a change in AFDC benefit payments under state law where the Circuit Court separately vacated a waiver necessary to implement the change prior to consideration by the Supreme Court); *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950) (dismissing an appeal related to compliance with a regulation of commodities as moot where prior to the appeal the commodity involved was decontrolled).

There is a significant likelihood that a replacement regulation might not be promulgated in the near future. Congress has taken affirmative steps to reclaim this issue by including language to extend the Moratorium until April 1, 2009 in supplemental appropriations bills in both chambers, although the timing and ultimate enactment of an extension of the Moratorium are uncertain. An extension of the Moratorium passed the House of Representatives overwhelmingly and has substantial support in the Senate (H.R. 5613/S. 2819). Even if the Moratorium were not extended, however, the Secretary may decide not to re-issue the Rule or to issue a replacement regulation that differs in scope from the Rule presently before the Court. In either case, potentially there would be no opportunity for Plaintiffs to obtain appellate review of a decision on the substantive Medicaid issues that raise serious implications for Plaintiffs. Given the significance of the issues involved, Plaintiffs respectfully submit, upon further reflection and research, that it would not be appropriate for the Court to issue a ruling on the merits in these circumstances.

Plaintiffs hesitate to make this request for fear that it be viewed as a form of "result-shopping." Please be assured that this is not Plaintiffs' intention. To address that concern, Plaintiffs respectfully request that if the Court finds there has been a violation of the Moratorium, the Court retain jurisdiction over this matter and set a status conference in sixty (60) days.

Such a status conference would expedite resolution of any remaining issues in the case. If Defendants re-issue the Rule and the substantive Medicaid issues remain the same, the Court could issue a ruling on those issues following the status conference. If Defendants choose to issue the Rule in a different form, the Court could determine the issues as appropriate at that time. If Defendants do not re-issue the Rule, there would be no need for the Court to rule at that time (and in that event, there also presumably would not be a need for the status conference and Plaintiffs would notify the Court accordingly).

Such a procedure would preserve the integrity of the proceedings, provide the Court with a further opportunity to issue a ruling, or not, as appropriate based on the facts at that time, while also affording Plaintiffs the opportunity to pursue appellate remedies, if they choose to do so.

Plaintiffs therefore respectfully request that in the event the Court finds that the Secretary violated the Moratorium, rather than simultaneously rule on the merits of the invalidated and/or remanded Rule, the Court defer ruling on the substantive Medicaid issues, retain jurisdiction, and set a status conference in sixty (60) days. Given the pending expiration of the Moratorium on May 25, 2008, and in light of the Court's prior order agreeing to rule on the parties' Motions for Summary Judgment by May 23, 2008,

Plaintiffs further request that the Court address this Motion on an emergency basis and enter an order on this motion no later than May 23, 2008.

Dated: May 16, 2008

Respectfully submitted,

/s/ William C. Crenshaw
WILLIAM C. CRENSHAW
D.C. Bar No. 968545
POWELL GOLDSTEIN LLP
901 New York Avenue, N.W., Third Floor
Washington, DC  20001
(202) 347-0066

NATHAN A. BROWN
D.C. Bar No. 468750
ROPES & GRAY LLP
700 12th Street, N.W., Suite 900
Washington, DC  20005
(202) 508-4600

Of Counsel:
LARRY S. GAGE
D.C. Bar No. 165332
BARBARA D.A. EYMAN
D.C. Bar No. 439684
CHARLES A. LUBAND
D.C. Bar No. 458319
ROPES & GRAY LLP
700 12th Street, N.W., Suite 900
Washington, DC  20005
(202) 508-4600
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May 2008, I caused a true and accurate copy of the foregoing to be filed by first class mail-postage-paid and electronically, both via e-mail and the U.S. District Court for the District of Columbia's Electronic Case Filing ("ECF") system and therefore available for viewing and downloading from the ECF system. Electronic service of the Notice of Electronic Case Filing constitutes service of this document on the following:

Tamra T. Moore
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tamra.moore@usdoj.gov

Charles A. Miller
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
cmiller@cov.com

Drew W. Marrocco
Sonnenschein Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600-East
Washington, D.C. 20005
dmarrocco@sonnenschein.com

Wendy L. Kahn
Zwerdling, Paul, Kahn & Wolly, P.C.
1025 Connecticut Avenue, N.W.
Suite 712
Washington, D.C. 20036
wlkahn@zwerdling.com

/s/ William C. Crenshaw
William C. Crenshaw

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALAMEDA COUNTY MEDICAL CENTER,  )<br>)<br>*et al*.  )<br>)<br>         **Plaintiffs,**  )<br>)<br>    v.  )<br>)<br>MICHAEL O. LEAVITT, in his official )<br>capacity as Secretary, United States )<br>Department of Health and Human Services, )<br>)<br>*et al*.  )<br>)<br>         **Defendants.**  )<br>) | **Civil Action No.  1:08-00422 (JR)** |

**ORDER ON PLAINTIFFS' EMERGENCY MOTION TO DEFER RULING
ON SUBSTANTIVE MEDICAID ISSUES UPON FINDING MORATORIUM
VIOLATION, TO RETAIN JURISDICTION, AND TO SET A
STATUS CONFERENCE IN SIXTY (60) DAYS**

This cause having come before the Court on Plaintiffs' Emergency Motion to Defer Ruling on Substantive Medicaid Issues upon Finding Moratorium Violation, to Retain Jurisdiction, and to Set a Status Conference in Sixty (60) Days, it is hereby ORDERED:

1. Plaintiffs' Emergency Motion is Granted.

2. The Court, having separately issued an order finding that the Secretary of Health and Human Services has violated the Moratorium contained in the U.S. Troop Readiness, Veterans' Care, Katrina Recovery and Iraq Accountability Appropriations Act of 2007, Pub. L. No. 110-28, § 7002(a), 121 Stat. 112 (2007), hereby retains jurisdiction and defers ruling on the substantive Medicaid issues involved in this case.

3. The Court hereby sets a status conference for July __, 2008, at _____.

4. In the event Defendants do not re-issue the challenged Rule, Plaintiffs' counsel shall notify the Court five (5) days before the status conference and the status conference shall be cancelled.

Entered: May ___, 2008.

_____
United States District Court Judge