## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ALAMEDA COUNTY MEDICAL                  )
CENTER, et al.                          )
                                        )
                    Plaintiffs,         )
                                        )
            v.                          )       Civ.  No. 1:08CV0422 (JR)
                                        )
THE HONORABLE MICHAEL O. LEAVITT,       )
in his official capacity as             )
Secretary of Health and                 )
Human Services, et al.                  )
                    Defendants.         )
_____)

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO DEFER RULING ON SUBSTANTIVE MEDICAID ISSUES UPON FINDING MORATORIUM VIOLATION, TO RETAIN JURISDICTION, AND TO SET A STATUS CONFERENCE IN SIXTY (60) DAYS

In their Emergency Motion To Defer Ruling On Substantive Medicaid Issues Upon

Finding Moratorium Violation, To Retain Jurisdiction, And To Set A Status Conference In Sixty

(60) Days ("Emergency Motion"),[1] Plaintiffs ask this Court to rule only on whether the Secretary

---

[1] This "emergency motion" was filed after Plaintiffs' counsel had violated Local Rule 5.1(b), by attempting to submit Plaintiffs' legal arguments in a letter addressed to this Court on May 15, 2008.  In their haste to file this motion after the Court informed them of their Local Rule violation, Plaintiffs' counsel then violated Local Rule 7(m) by filing this motion without having first conferred with the Secretary's counsel regarding both the substance of this Emergency Motion and whether the Secretary opposed the relief sought therein.  Furthermore, by requesting emergency injunctive relief, Plaintiffs in essence ask this Court to enter a preliminary injunction on the statutory moratorium issue, despite the fact that Plaintiffs expressly agreed (and this Court entered an order to that effect) to hold their preliminary injunction motion in abeyance.  In any event, Plaintiffs' Emergency Motion fails to articulate either the standards governing requests for preliminary injunctive relief or any arguments regarding why this Court should find that they have satisfied the same, see Potter v. District of Columbia, 382 F. Supp. 2d 35, 41 (D.D.C. 2005) (delineating four factor test plaintiffs must satisfy to obtain preliminary

1

violated the U.S. Troop Readiness, Veterans' Care, Katrina Recovery and Iraq Accountability Appropriations Act of 2007 ("the statutory moratorium"), claiming that a ruling on the validity of the challenged rule – as to which this Court indicated at oral argument that it was inclined to rule in the Secretary's favor – would be an advisory opinion and inappropriate. It is Plaintiffs themselves, however, who seek an advisory opinion on the validity of the Secretary's actions regarding the statutory moratorium as well as the appropriate relief for any perceived violation, a matter that only arose during the course of oral argument.

Plaintiffs have it exactly backwards. This Court should refrain from deciding the statutory moratorium issue because Plaintiffs do not have standing to challenge the Secretary's compliance with the statutory moratorium. The action (or inaction) about which they complain caused them no injury because the rule never became effective (nor was it enforced) as to them. And this Court cannot impose a remedy that gives Plaintiffs (or Congress) relief beyond that what the Secretary has already agreed to provide as discussed in the attached Declaration of Herb B. Kuhn ("Kuhn Declaration"). Even assuming that Plaintiffs had standing to raise such a claim, this claim necessarily fails because the statutory moratorium legislation does not grant Plaintiffs a private right of action to enforce its provisions, nor does the text of the statutory moratorium evidence Congress's intent to provide a private remedy for its purported violation.

---

injunctive relief), and the Secretary believes that Plaintiffs cannot provide such arguments. Because Plaintiffs offer no support for their request for extraordinary relief, Plaintiffs' Emergency Motion should be denied. In any event, as discussed in detail *infra*, Plaintiffs cannot demonstrate that they are likely to succeed on the merits of their claim that the Secretary violated the statutory moratorium (much less that the rule is substantively invalid) or that they will incur irreparable injury absent emergency injunctive relief. Id. Also, for reasons discussed *infra* concerning the timing of the Secretary's actions regarding the rule, there is no reason for the Court to rule on an emergency basis on **anything** regarding the cross-motions for summary judgment.

Finally, Plaintiffs cannot utilize the provisions of the Congressional Review Act ("CRA") to import into the statutory moratorium a remedy for any alleged violation of the same because Plaintiffs' Complaint does not allege a violation of the CRA and, in any event, Plaintiffs have no private right of action under the CRA; the CRA itself expressly precludes judicial review of the Executive Branch's compliance with that statute.

Thus, the only issue squarely before this Court and ripe for consideration is the validity of the challenged rule. Indeed, as Plaintiffs well know, this Court cannot defer ruling on the substantive merit of their APA claim on the **mere possibility** that Congress will enact, and the President will sign into law, another moratorium at some point in the future. Accordingly, this Court should deny Plaintiffs' Emergency Motion and decline to rule on Plaintiffs' claim that the moratorium was violated.

## BACKGROUND

On March 11, 2008, Plaintiffs filed a Complaint and Motion for Preliminary Injunction against, among other defendants, Michael O. Leavitt, in his official capacity as Secretary of Health and Human Services (collectively, "the Secretary"). Plaintiffs' Complaint alleges that the Secretary violated the Administrative Procedures Act ("APA") because the challenged rule is contrary to, among other statutory provisions, the Medicaid Act and the statutory moratorium. On March 20, 2008, the Court entered an Agreed Scheduling Order pursuant to which the parties filed cross-motions for summary judgment on an expedited basis. The Agreed Scheduling Order also provided that the Court would rule on the parties' summary judgment motions on or before May 23, 2008, given the impending May 25, 2008 expiration date of the statutory moratorium.

On May 7, 2008, the Court held a hearing on the parties' respective summary judgment

motions.  During the hearing, the Court questioned both parties regarding the proper remedy for

a purported violation of the statutory moratorium and suggested that perhaps the remedy for any

alleged violation of the statutory moratorium should derive from the CRA.  The Secretary had no

opportunity to address this issue.  At the conclusion of the hearing, the Court stated it was

inclined to rule in favor of the Secretary with regard to the merits of all of Plaintiffs' substantive

claims regarding the validity of the challenged rule.  However, the Court also indicated that it

was inclined to find that the Secretary violated the statutory moratorium and that it would

remand the rule back to the Secretary for that reason.[2]

On May 16, 2008, a little over a week after the summary judgment hearing, Plaintiffs

filed this Emergency Motion.  Plaintiffs' Emergency Motion requests that the Court defer ruling

on Plaintiffs' APA claim as to which the Court indicated that it was inclined to rule in the

Secretary's favor and instead, only issue an order finding that the Secretary violated the statutory

---

[2]The Secretary urges this Court to reassess its inclination to hold that the Secretary violated the statutory moratorium.  As explained in the Secretary's briefs in support of his cross-motion for summary judgment and at oral argument, the Secretary took no action after the President signed the statutory moratorium into law to finalize or otherwise implement the challenged rule.  The rule has had (and will have) no effect on Plaintiffs during the moratorium period and, as the Court recognized, Congress has had a full year to determine what, if anything, it wants to do about the rule when the moratorium expires and, as stated in the attached Kuhn Declaration, it will have yet an additional two-plus months to further evaluate the rule.

In the event that the Court decides otherwise, however, the Court should not, as Plaintiffs suggest in their Emergency Motion, **vacate** and remand the rule.  Indeed, this Court indicated at oral argument that it was inclined only to remand the rule back to the Secretary.  The Court's inclination on this point is consistent with D.C. Circuit case law that holds that courts should consider "the seriousness of the [rule's] deficiency" before vacating a rule.  Advocates for Highway & Auto Safety v. Federal Motor Carrier Safety Admin., 429 F.3d 1136, 1151 (D.C. Cir. 2005).  Here, because the Court stated that it was inclined to find that the rule did not violate the Medicaid Act or the APA and that it is otherwise not substantively infirm, this Court should simply remand the rule back to the Secretary if it ultimately finds that the statutory moratorium has been violated.

moratorium.  In support of their Emergency Motion, Plaintiffs argue that the Court should refrain

from ruling on their APA claim for 60 days because Congress may impose another moratorium

and/or the Secretary may decide not to re-issue the rule.

## ARGUMENT

### I.      Plaintiffs Do Not Have Standing To Enforce The Statutory Moratorium

To pursue their claim that the Secretary violated the statutory moratorium, Plaintiffs must

demonstrate (1) that they "suffered an injury in fact, defined as a harm that is concrete and actual

or imminent, not conjectural or hypothetical"; (2) that "the injury is fairly traceable to the

governmental conduct alleged"; and (3) that "the requested relief will redress the alleged injury."

Citizens For Responsibility & Ethics In Washington v. Dep't of Ed., 538 F. Supp. 2d 24, 28

(D.D.C. 2008).  A court must dismiss a plaintiffs' claim if plaintiffs fail to prove any one of

these three factors.[3]  See Communities for A Great Northwest, Ltd. v. Clinton, 112 F. Supp.2d

29, 33 (D.D.C. 2000).

Here, there are three key reasons why Plaintiffs do not have standing to challenge the

Secretary's compliance with the moratorium.  First, Plaintiffs have not alleged (nor could they)

that they suffered any actual (or will suffer any imminent) harm from the Secretary's purported

violation of the moratorium because the Secretary has not taken any action since the

moratorium's enactment to enforce the rule as to Plaintiffs (or anyone else for that matter).  See

---

[3]"[I]t is well established that standing 'can be raised at any point in a case proceeding and, as a jurisdictional matter, may be raised, *sua sponte*, by the court.'" Rice v. United States, 245 F.R.D. 3, 5 n.3 (D.D.C. 2007); Doe by Fein v. District of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996) ("A claim that the court lacks jurisdiction under Article III of the Constitution may not be waived, since the jurisdiction at issue goes to the foundation of the court's power to resolve a case, and the court is obliged to address it *sua sponte*.") (internal quotation and citation omitted).

id. at 35 (finding that plaintiff lacked standing to pursue claim against government because it could point to "no injury resulting from defendants' actions in undertaking or implementing [the environmental plan], because the plan had not yet been implemented").

Second, if the statutory moratorium expires on May 25, 2008, the Secretary intends to take action so that the challenged rule will not go into effect until August 1, 2008. Kuhn Decl., ¶ 5. For this reason alone, any purported claim Plaintiffs had under the statutory moratorium is rendered moot, and Plaintiffs cannot demonstrate that they have standing to pursue this claim because they "cannot claim to suffer from 'some threatened or actual injury resulting from the putatively illegal action.'" National Wildlife Fed'n v. Dep't of Interior, 616 F. Supp. 889, 892 (D.D.C. 1984). For this reason also, the Court should refrain from deciding the statutory moratorium issue because Plaintiffs cannot show that they have been harmed or likely will be harmed by any purported violation of the statutory moratorium in the future and thus any ruling on this issue "would amount to nothing more than a declaration that [they] were wronged." Prier v. Steed, 456 F.3d 1209, 1214 (10th Cir. 2006).

Finally, Plaintiffs cannot demonstrate that the relief they request will redress any alleged injuries. Plaintiffs have identified absolutely no injury they have suffered and, as discussed further below, the express language of the statutory moratorium legislation does not set forth a specific remedy for this Court to impose upon finding a perceived violation of the statutory moratorium legislation. In the event that the Court determines that there has been a violation of the moratorium, it could only remand the rule to the Secretary, and a remand to the Secretary will offer Plaintiffs no redress because the Secretary could legally re-issue the rule immediately following the expiration of the current moratorium. In any event, because the Secretary intends

to pursue appropriate measures to delay the effective date of the rule until August 1, 2008, see Kuhn Decl., ¶ 5, there is simply nothing for this Court to redress.   As this Court observed at the hearing (and as further shown in the Kuhn Declaration), Congress has had the challenged rule before it for one year and will have until August 1, 2008, to deliberate even further as to what, if anything, it intends to do about the rule prior to its effective date.

## II.    The Statutory Moratorium Does Not Grant Plaintiffs A Private Right Of Action Against The Secretary

Not only do Plaintiffs not have standing to enforce the statutory moratorium against the Secretary, but also there is nothing in the language of the statutory moratorium that creates a private right of action enforceable by Plaintiffs against the Secretary.  "It is a bedrock principle that 'like substantive law itself, private rights of action to enforce federal law must be created by Congress.'" College Sports Council v. Gov't Accountability Office, 421 F. Supp. 2d 59, 65 (D.D.C. 2006) (internal citation omitted).  "For this reason, 'violation of a federal statute alone is inadequate to support a private cause of action.'" Id. (internal citation omitted).  Accordingly, this Court's task is to interpret the statutory moratorium "to determine whether it displays an intent to create not just a private right but also a private remedy."  Miller Aviation v. Milwaukee Cty. Bd. of Supervisors, 273 F.3d 722, 730 (7th Cir. 2001); see also Made in the USA Found. v. Gen. Motors Corp., Civ. No. 04-0553 (JR), 2005 WL 3676030, at *3 (D.D.C. March 31, 2005) (explaining that, to find a private right of action in a federal statute, plaintiffs must identify language that establishes a private right of action or a private remedy).  "Without a clear indication of such statutory intent, 'a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.'"  College Sports Council, 421 F. Supp. 2d at 65 (internal citation omitted).

7

Here, the statutory moratorium states in relevant part:

Notwithstanding any other provision of law, the Secretary of Health and Human Services shall not, prior to the date that is 1 year after the date of enactment of this Act, take any action (through promulgation of regulation, issuance of regulatory guidance, or other administrative action) to – (A) finalize or otherwise implement provisions contained in the proposed rule published on January 18, 2007. . . .

Pub. L. 110-28, § 7002(a).  By its express terms, the statutory moratorium contains no language creating a private right of action enforceable by Plaintiffs or a private remedy such as the one Plaintiffs seek here.   Furthermore, to the extent that Plaintiffs would argue that a private right of action should be implied from the language of the statutory moratorium, that argument is foreclosed because the statutory moratorium does not contain a waiver of sovereign immunity.[4] See Dorsey v. U.S. Dep't of Labor, 41 F.3d 1551, 1555 (D.C. Cir. 1994) ("The federal government's waiver of sovereign immunity must be unequivocally expressed.").

Because there is nothing in the text of the statutory moratorium that indicates Congress's intent to create a private right of action against the Secretary, it follows that this Court should reject Plaintiffs' proposed remedy for any alleged violation of the same.  See National Treasury Employees' Union v. Campbell, 654 F.2d 784, 793 (D.C. Cir. 1981) ("It is not within the judicial province to assess the usefulness or desirability of a private remedy when examination of more reliable indicia of congressional intent has revealed that Congress did not mean to create one."). Indeed, the D.C. Circuit has admonished that "'[t]he federal judiciary will **not** engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide.'" National Treasury

---

[4]In addition, Plaintiffs cannot avail themselves of the APA because they have not been "aggrieved" by any agency action in this case within the meaning of that statute.  Furthermore, to the extent that **Congress** is aggrieved by the Secretary's action, it certainly has the ability and power to resolve any grievance itself, see College Sports Council, 421 F. Supp. 2d at 66-68, and resort to the APA is not appropriate.

Employees' Union v. Campbell, 654 F.2d 784, 793 (D.C. Cir. 1981) (quoting California v. Sierra Club, 451 U.S. 287, 297 (1981)) (emphasis added).

The absence of a private right of action or a private remedy is unsurprising given that the express language of the statutory provision is a directive from Congress to the Executive Branch. As such, it is within Congress's discretion and judgment to measure the fidelity of the Secretary's actions to this legislatively-mandated directive, and "not for non-congressional parties[, such as Plaintiffs,] to carry on as ersatz proxy for Congress itself." College Sports Council, 421 F. Supp. 2d at 67. For these reasons, Plaintiffs, even if they had standing, do not have a private right of action to enforce the statutory moratorium against the Secretary or a private remedy for any purported violation thereof.

**III.    The Secretary's Compliance With The Congressional Review Act Was Not Raised In Plaintiffs' Complaint And, In Any Case, Is Not Subject To Judicial Review**

During oral argument, it was suggested that perhaps the Secretary violated the CRA and that the CRA could provide a possible remedy for the Secretary's alleged violation of the statutory moratorium – a remedy found nowhere in the language of the moratorium itself. There are, however, two fatal flaws to this contention. First, Plaintiffs' Complaint does not allege any claim under the CRA, and thus Plaintiffs cannot now make any argument that the Secretary violated this statute. Second, even if Plaintiffs had properly raised a CRA claim, that claim would fail because the CRA expressly precludes judicial review of the Secretary's compliance with its terms. See 5 U.S.C. § 805 ("No determination, finding, action, or omission under this chapter shall be subject to judicial review."); see also Via Christi Reg'l Med. Ctr. v. Leavitt, 509 F.3d 1259, 1271 n.11 (10th Cir. 2007) (concluding that plaintiffs' reliance on the CRA was misplaced because the statute precludes judicial review).

Both the CRA and the enactment of the statutory moratorium are legislative tools employed by Congress to ensure that it is apprised of the regulatory actions taken by the Executive Branch, see 5 U.S.C. §§ 801 et seq., and that it has sufficient time to study and consider the issues raised by the same. See, e.g., Pub. L. 110-28, § 7002(a). Given these purposes, this Court should find that "it is exclusively Congress's prerogative to determine whether" the statutory moratorium and the CRA have been violated by the Secretary's actions. College Sports Council, 421 F. Supp. 2d at 68. Indeed, "[i]t scarcely bears more than passing mention that the most representative branch is not powerless to vindicate its interests or ensure . . . fidelity to Legislative directives." Natural Res. Defense Council v. Hodel, 865 F.2d 288, 318-19 (D.C. Cir. 1988). To that point, Congress has had the challenged rule before it for one-year during the pendency of the statutory moratorium, and will have a little more than two additional months to decide for itself if it wants to take further action with respect to the challenged rule. See Kuhn Decl., ¶¶ 4-5. Accordingly, there is no basis for the Court to ever rule on the Secretary's compliance with either the statutory moratorium or the CRA (much less the remedy for any alleged violation of either statute), and in light of the Secretary's intended postponement of the rule's effective date, there is certainly no basis for the Court to do so at this time as requested by Plaintiffs in their "emergency" motion.

//

//

10

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Emergency Motion[5] and

decline to rule on Plaintiffs' claim that the moratorium was violated.

Respectfully submitted,


OF COUNSEL:                              GREGORY G. KATSAS
                                         Acting Assistant Attorney General
THOMAS R. BARKER
Acting General Counsel                   JEFFREY A. TAYLOR
                                         United States Attorney

JANICE L. HOFFMAN                        SHEILA M. LIEBER
Associate General Counsel                Deputy Branch Director

MARK D. POLSTON                          /s/ Tamra T. Moore
Deputy Associate General                 TAMRA T. MOORE D.C. Bar No. 488392
        Counsel for Litigation           Trial Attorney
                                         U.S. Department of Justice
GERARD KEATING                           Civil Division, Federal Programs Branch
BRIDGETTE L. KAISER                      20 Massachusetts Avenue, N.W.
Attorneys                                Washington, D.C.  20530
                                         Telephone: (202) 514-8095
U.S Department of Health                 Facsimile: (202) 616-8470
        and Human Services               Email: Tamra.Moore@usdoj.gov


Dated: May 21, 2008                      Attorneys for Defendants

---

[5]The Secretary takes no position on Plaintiffs' request that this Court set a status
conference in sixty days.

## **CERTIFICATE OF SERVICE**

I certify that, on this 21st day of May 2008, I caused a copy of the foregoing Defendants'
Opposition To Plaintiffs' Emergency Motion To Defer Ruling On Substantive Medicaid Issues
Upon Finding Moratorium Violation, To Retain Jurisdiction, And To Set A Status Conference In
Sixty (60) Days to be filed with the Clerk of the Court via the CM/ECF system, causing it to be
served electronically.  The document is available for viewing and downloading from the ECF
system.

/s/ Tamra T. Moore
Tamra T. Moore

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALAMEDA COUNTY MEDICAL CENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE HONORABLE MICHAEL O. LEAVITT, in his official capacity as Secretary of Health and Human Services, et al.<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civ. No. 1:08CV0422 (JR)

## DECLARATION OF HERB B. KUHN

HERB B. KUHN, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

1.    I am the Deputy Administrator of the Centers for Medicare & Medicaid Services ("CMS"), a component of the United States Department of Health and Human Services ("HHS"). I have served in this position in either an acting or permanent capacity since October, 2006.  The Office of the Administrator directs the planning, coordination and implementation of, among other things, the Medicaid program under Title XIX of the Social Security Act.  I assist the Administrator in overseeing the establishment of program goals and objectives and the development of policies, standards and guidelines.  I function with full authority during the Administrator's absence.

2.    In addition, I am the Acting Director of the Centers for Medicaid and State Operations ("CMSO"), within CMS.  I have served in this position since April, 2008.  CMSO

serves as the focal point for all CMS activities relating to Medicaid, including interactions with States and local governments. CMSO develops, interprets and applies specific laws, regulations and policies that directly govern the financial operation and management of the Medicaid program and the related interactions with States and regional offices.

3.      This Declaration is submitted in support of Defendants' Opposition to Plaintiffs' Emergency Motion to Defer Ruling on Substantive Medicaid Issues Upon Finding Moratorium Violation, to Retain Jurisdiction, and to Set a Status Conference in Sixty (60) Days.

4.      The final rule with comment period, CMS-2258-FC, was signed by the Acting CMS Administrator and the Secretary on May 23, 2007 and sent to the Federal Register on May 24, 2007 (appearing in the Federal Register on May 29, 2007, at 72 Fed. Reg. 29,748). The rule was also delivered to Congress before the legislation that contains the statutory moratorium at issue in this case was signed by the President.

5.      If the present moratorium expires on May 25, 2008 and is not replaced by another duly enacted moratorium, CMS intends to pursue appropriate procedures to delay the effective date of CMS-2258-FC until August 1, 2008.

Executed on May 21, 2008.

HERB B. KUHN

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ALAMEDA COUNTY MEDICAL                  )
CENTER, et al.                          )
                                        )
                    Plaintiffs,         )
                                        )
             v.                         )     Civ.  No. 1:08CV0422 (JR)
                                        )
THE HONORABLE MICHAEL O. LEAVITT,       )
in his official capacity as             )
Secretary of the                       )
United States Department of Health and  )
Human Services, et al.                  )
                    Defendants.         )
_____)

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' Emergency Motion To Defer Ruling On Substantive

Medicaid Issues Upon Finding Moratorium Violation, To Retain Jurisdiction, And To Set A

Status Conference In Sixty (60) Days, and Defendants' Opposition thereto, it is hereby

ORDERED that Plaintiffs' Emergency Motion is DENIED.


Dated:_____        _____
                                      The Honorable James Roberston

1