IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALAMEDA COUNTY MEDICAL CENTER,<br><br>*et al*.<br><br>    **Plaintiffs,**<br><br>  v.<br><br>MICHAEL O. LEAVITT, in his official capacity as Secretary, United States Department of Health and Human Services,<br><br>*et al*.<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No. 1:08-00422 (JR)** |

**PLAINTIFFS' REPLY TO DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION**

On May 16, 2008, Plaintiffs Alameda County Medical Center ("Alameda"), the National Association of Public Hospitals and Health Systems, the American Hospital Association and the Association of American Medical Colleges ("Plaintiffs") moved that in the event the Court finds a violation of the moratorium contained in the U.S. Troop Readiness, Veterans' Care, Katrina Recovery and Iraq Accountability Appropriations Act of 2007, Pub. L. No. 110-28, § 7002(a), 121 Stat. 112 (2007) (the "Moratorium"), the Court defer ruling on the substantive Medicaid law issues involved in this matter, retain jurisdiction, and set a status conference in sixty (60) days.

In Defendants' Memorandum in Opposition, Defendants spend little time challenging the grounds for deferring a ruling on the substantive claims at issue. Instead, Defendants lodge several new arguments in a last ditch effort to assert that their violation

of the Moratorium is either not reviewable or is somehow moot. These arguments are unavailing.

First, Defendants assert without authority that the Court may not "impose a remedy that gives Plaintiffs (or Congress) relief beyond that what the Secretary has already agreed to provide ...." Def. Opp. at 2. Defendants suggest for the first time that "the Secretary intends to pursue appropriate measures to delay the effective date of the rule until August 1, 2008." *Id.* at 7. The key word in this eleventh hour revelation is "intends." Defendants have taken no formal action and made no binding commitment — via notice in the Federal Register or otherwise — to delay the rule, 72 Fed. Reg. 29748 (the "Rule"). This non-committal declaration that the agency "intends to pursue" a delay does not even describe what such "appropriate measures" might be. *See Beno v. Shalala*, 30 F.3d 1057, 1065 (9th Cir. 1994) (holding that potential intervening agency action after a favorable decision does not affect plaintiff's standing).

In any event, merely delaying the effective date of the Rule would not remedy the Defendants' original actions to circumvent Congress by issuing the Rule in violation of the Moratorium. The appropriate remedy remains to declare the issuance of the Rule invalid. At that point, Defendants would be free to re-issue the Rule or not after the Moratorium expires and once the agency has affirmatively considered whether the Rule remains appropriate given the passage of time, changes in State Medicaid financing, submission of supplemental comments requested by the agency, and ongoing Congressional opposition.[1]

---

[1] For the same reasons, Defendants' new argument that the Court should not "*vacate* and remand" the Rule should be rejected. Def. Opp. at 4 n.2 (emphasis in original). Defendants apparently request that the Rule only be remanded. If the Rule is not withdrawn or vacated, however, and Defendants take the position that they are entitled to enforce the Rule at their discretion going forward, such a result would effectively

Second, Defendants for the first time assert that Plaintiffs lack standing to challenge the violation of the Moratorium. Def. Opp. at 5-6. To the contrary, Plaintiffs have alleged and demonstrated each challenged aspect of standing. To establish standing, a plaintiff must show: (1) injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Defendants conclude that there is no injury because they have not yet taken any action under the Rule. Yet, a plaintiff need not wait for an actual injury to occur, as long as the agency action threatens to cause injury and injury is likely. *See Wilderness Soc'y v. Griles*, 824 F.2d 4, 12 (D.C. Cir. 1987). Plaintiffs made a comprehensive showing of the injury that will befall Plaintiff Alameda, and members of the Plaintiff associations, if the Rule takes effect. This injury will occur because the Rule will take effect sooner than it otherwise would have if Defendants had waited until the Moratorium expires after May 24, 2008 (such that the Rule could not take effect until 60 days later). This establishes a direct causal connection between the injury and the Defendants' unlawful conduct. Pl. Complaint at ¶¶ 59-71.[2] The Defendants further claim that the relief sought will not redress the potential injuries. Def. Opp. at 6. In fact, the harm caused by the Rule will be directly redressed (and avoided) if the Court remands the Rule and permits HHS to finalize it only after the expiration of Congress' Moratorium.

---

exculpate Defendants for their violation of the Moratorium and avoid the many procedural steps required to validate the Rule.

[2] These showings were supported by extensive declarations, and were not specifically challenged by Defendants in their briefs. *See* Pl. Memorandum in Support of Motion for Summary Judgment ("Pl. Memo") and accompanying declarations.

Defendants' belated standing argument is virtually identical to that made by Defendants and rejected by the court in *Ashley County Medical Center v. Thompson*, 205 F.Supp.2d 1026 (E.D. Ark. 2002). In *Ashley*, the federal defendants argued that the hospital and associational "Plaintiffs lack[ed] standing because the ... Rule does not affect Plaintiffs directly." *Id*. at 1046 n.25.  The court noted that absent some intervening action, the Medicaid Rule challenged there "will decrease funding to Medicaid providers." *Id.*  Accordingly, and relying on this court's decision in *National Association of Chain Drug Stores, Inc. v. Bowen*, 1989 WL 43948 (D.D.C. 1989) (upholding association's standing to challenge a Medicare rule), the court recognized the plaintiffs' standing to bring the case.[3]

Third, Defendants also contend that Plaintiffs do not have a right of action to raise the violation of the Moratorium.  On the contrary, the Administrative Procedure Act ("APA") provides a clear right of action to challenge the agency's actions to finalize the Rule in violation of the Moratorium.  *See* Pl. Complaint at ¶¶ 79, 80, 81(f).  The APA provides a "right of review" whereby any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  The Rule issued in violation of the Moratorium is the epitome of an "agency action" under the APA, which is defined to include "*the whole or a part of an agency rule*, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."  5 U.S.C. § 551(13) (emphasis added); *see also Whitman v. Am. Trucking Ass'ns, Inc.*, 531 U.S. 457, 478 (2001) (the definition of agency action is "meant to cover comprehensively every manner

---

[3] The parties in *Ashley* included the association plaintiffs in this matter as well as the Secretary of Health and Human Services.

in which an agency may exercise its power."). Plaintiffs have suffered a "legal wrong" because the action was in violation of a relevant statute — the Moratorium. And as demonstrated above, the action has "adversely affected or aggrieved" Plaintiffs because it results in the imposition of the Rule — and the concomitant loss of millions of dollars in Medicaid payments — immediately upon expiration of the Moratorium rather than after proper finalization of the Rule.[4]

Finally, Defendants challenge Plaintiffs' invocation of the Congressional Review Act ("CRA"). Defendants misconstrue Plaintiffs' point. Plaintiffs have not "suggested" that Defendants violated the CRA. Def. Opp. at 9. Rather, among the "actions" Defendants took in violation of the Moratorium was their notification to Congress on May 25, 2007 regarding issuance of the Rule. Pl. Opp. to MSJ at 24 and Ex. 1A (Supp. Decl. of Christine Capito Burch (Email from Elizabeth P. Hall, CMS, to Senate Finance Committee, et. al. (May 25, 2007)). This notice is *required by* the CRA, *see* 5 U.S.C. § 801(a)(1)(A), but Plaintiffs challenge the notice as an action in violation of the Moratorium. Because this notice was invalid under the Moratorium, Defendants have not properly satisfied their obligation to notify Congress 60 days before a Rule takes effect; Defendants would need to notify Congress again after the Moratorium expires, 60 days before the Rule is to be effective.[5] Even if Plaintiffs were relying on a violation of the CRA, this statute is enforceable. *See Ashley County Med. Ctr.*, 205 F.Supp.2d at 1069; *see also* 142 Cong. Rec. S3686 (daily ed. Apr. 18, 1996) (Statement for the record by Sens. Nickles, Reid, and Stevens regarding 5 U.S.C. § 805) ("The limitations on judicial

---

[4] As a result, there is no need to find an independent right of action within the Moratorium language itself, although that language reflects clear Congressional intent to prevent implementation of this Rule as to private actors such as the Plaintiffs.

[5] In Herb Kuhn's declaration, he confirms that CMS issued the notice to Congress on May 25, 2007 — which was in violation of the Moratorium. Decl. of Herb Kuhn, Deputy Administrator, CMS, ¶ 4.

review in no way prohibits a court from determining whether a rule is in effect. For example, the authors expect that courts might recognize that a rule has no legal effect due to the operation of subsections 801(a)(1)(A) or 801(a)(3).").[6]

Defendants previously filed a 45-page brief and a 25-page brief in which they chose not to raise any issues relating to standing, ripeness, or a private right of action. Defendants now assert these issues in a final attempt to avoid an adverse ruling. Defendants have not raised any valid reason to forestall a finding by the Court that they violated the Moratorium. Accordingly, Plaintiffs respectfully request that the Court grant their Motion, enter an Order no later than May 23, 2008, and enter summary judgment in Plaintiffs' favor vacating and remanding the Rule.

Dated: May 22, 2008

Respectfully submitted,

/s/ William C. Crenshaw
WILLIAM C. CRENSHAW
D.C. Bar No. 968545
POWELL GOLDSTEIN LLP
901 New York Avenue, N.W., Third Floor
Washington, DC 20001
(202) 347-0066

NATHAN A. BROWN
D.C. Bar No. 468750
ROPES & GRAY LLP
700 12th Street, N.W., Suite 900
Washington, DC 20005
(202) 508-4600

---

[6] In the case cited by Defendants, the court did not address the *Ashley County* decision or this legislative history. Def. Opp. at 9 (citing *Via Christi Reg'l Med. Ctr. v. Leavitt*, 509 F.3d 1259, 1271 n.11 (10th Cir. 2007)).

Of Counsel:

LARRY S. GAGE
D.C. Bar No. 165332
BARBARA D.A. EYMAN
D.C. Bar No. 439684
CHARLES A. LUBAND
D.C. Bar No. 458319
ROPES & GRAY LLP
700 12th Street, N.W., Suite 900
Washington, DC  20005
(202) 508-4600
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May 2008, I caused a true and accurate copy of the foregoing to be filed by first class mail-postage-paid and electronically, both via e-mail and the U.S. District Court for the District of Columbia's Electronic Case Filing ("ECF") system and therefore available for viewing and downloading from the ECF system. Electronic service of the Notice of Electronic Case Filing constitutes service of this document on the following:

Tamra T. Moore
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C.  20530
Tamra.moore@usdoj.gov

Charles A. Miller
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
cmiller@cov.com

Drew W. Marrocco
Sonnenschein Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600-East
Washington, D.C.  20005
dmarrocco@sonnenschein.com

Wendy L. Kahn
Zwerdling, Paul, Kahn & Wolly, P.C.
1025 Connecticut Avenue, N.W.
Suite 712
Washington, D.C.  20036
wlkahn@zwerdling.com

/s/ William C. Crenshaw
William C. Crenshaw